Dear Senator Ford,
¶ 0 This office has received your request for an official Attorney General Opinion addressing the following question:
Does the term "including any rural electric cooperativereceiving its electricity from any wholesale cooperative," asused at 82 O.S. 1991, § 863(A)(2), refer to thosecooperatives located within the State of Oklahoma which directlyor indirectly receive power generated by the Grand River DamAuthority or does it refer to any rural electric cooperativeregardless of the source from which it receives its power orregardless of its location?
¶ 1 The Grand River Dam Authority ("the Authority"), a conservation and reclamation district, is a governmental agency established at 82 O.S. 1991 and Supp. 1996, §§ 861-890. The powers, rights, privileges and functions of the district are exercised by a board of seven (7) directors. 82 O.S. 1991, §863[82-863](B). The Governor appoints board members from nominees submitted by the Grand River Dam Authority Board of Directors Nominating Committee. The committee is established at 82 O.S.1991, § 863[82-863](A) which provides in pertinent part:
 There is hereby created the Grand River Dam Authority Board of Directors Nominating Committee, hereinafter referred to as the "Committee", which shall consist of representatives from:
 1. Each municipal customer of the Grand River Dam Authority. A single representative shall be selected by the governing body of each municipality to serve at the pleasure of that governing body;
 2. Each rural electric cooperative customer of the Grand River Dam Authority, including any rural electric cooperative receiving its electricity from any wholesale cooperative. Each representative shall be selected by the governing body of the rural electric cooperative to serve at the pleasure of that governing body; and
 3. The industrial customers of the Grand River Dam Authority. The industrial customers shall meet and select from among themselves five (5) representatives to serve on the Committee and to serve at their pleasure. The five (5) representatives shall be selected at a meeting of at least two-thirds (2/3) of the industrial customers of the Grand River Dam Authority.
82 O.S. 1991, § 863[82-863](A).
¶ 2 You have asked this office to determine whether the above-highlighted language limits nominating committee membership to cooperatives located within the State of Oklahoma which directly or indirectly receive power from the Authority or alternatively, if the language is intended to include any rural electric cooperative regardless of the source from which it receives its power and regardless of its location.
¶ 3 "[I]t is a sound rule of statutory construction that statutes must be interpreted in light of the context." Davis v.State, 300 P.2d 1000, 1010 (Okla.Crim.App. 1956). The intention and purpose of the Legislature should not be ascertained from any single, isolated clause or sentence, or from particular or partial recitals, but from a general consideration or viewpoint of the act as a whole. Nelson v. State,288 P.2d 429, 438 (Okla.Crim.App. 1955). The language "including any rural electric cooperative receiving its electricity from any wholesale cooperative" is part of a larger sentence which begins: "each rural electric cooperative customer of the Grand River Grand Dam Authority." The first phrase provides for membership on the nominating committee by each cooperative customer of the Authority. The language which is the subject of your question adds rural electric cooperatives receiving their electricity from wholesale cooperatives. Section 863(A) is intended to provide for a nominating committing composed of "customers" of the Authority. It was also intended to include "indirect" customers receiving electricity from the Authority through wholesale cooperatives. There is no apparent intent in the statute to grant nominating committee membership to cooperatives which are not customers of the Authority. Therefore, when viewing the statute as a whole in light of its general purpose, the appropriate construction is one that requires the term "including any rural electric cooperative receiving its electricity from any wholesale cooperative" to be limited to those cooperatives receiving electricity from wholesale cooperative customers of the Authority.
¶ 4 There is nothing in the statute that states or implies that committee membership is limited to cooperatives located in the State of Oklahoma. Any cooperative meeting the criteria, regardless of location, is entitled to representation on the nominating committee.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Any rural electric cooperative, regardless of its location,receiving its electricity through a wholesale cooperativereceiving its electricity from the Grand River Dam Authority isentitled to representation on the Grand River Dam Authority Boardof Directors Nominating Committee.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL